**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Mahmoud Alili, Case No. 1:25-cv-837

Plaintiff,

vs.

GS HOLISTIC, LLC, et al.,

Defendants.
_____________________________________ /

**DEFENDANT GS HOLISTIC, LLC'S**
**MOTION TO DISMISS AMENDED COMPLAINT UNDER RULE 12(B)(6)**

Defendant GS Holistic, LLC ("GS") moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Amended Complaint in its entirety with prejudice. As set forth in the accompanying memorandum, Plaintiff's claims under "F.R.Civ.P. 11" and 42 U.S.C. § 1981 fail as a matter of law. The pleading is comprised of conclusory assertions, improper use of the judicial process as a cause of action, and allegations predicated on GS's filing and settlement of trademark litigation—conduct the Court has already held cannot support tort or similar liability. Dismissal with prejudice is warranted because amendment would be futile.

**MEMORANDUM OF LAW**

## I. Introduction

Plaintiff's Amended Complaint alleges GS targets retailers "of Middle Eastern and Muslim extract," labels GS's nationwide trademark enforcement as "extortive," and seeks investigation, a stay of other proceedings, and monetary and punitive damages. Plaintiff purports to bring this action "under F.R.Civ.P. 11" and "under 42 U.S.C. 1981," seeking an investigation, a stay of proceedings initiated by GS, $10,000 compensatory damages, and $10,000,000 punitive damages. The pleading offers no supporting facts establishing actionable conduct by GS and relies on the filing and settlement of civil trademark suits and generalized accusations of targeting. The Court has already rejected materially indistinguishable theories, holding that filing trademark suits and

making settlement offers cannot constitute extortion, abuse of process, or fraud, and dismissing those claims with prejudice. This Court sustained GS's motion to dismiss amended counterclaims alleging extortion, abuse of process, and fraud, and dismissed those amended counterclaims with prejudice.

## II. Legal Standard

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face; labels, conclusions, and formulaic recitations are insufficient. Rule 12(b)(6) permits dismissal where a complaint fails to state a claim; courts accept well-pleaded facts as true but require plausibility and more than labels and conclusions.

## III. Argument

**A.** "<u>Rule 11" is not a Standalone Cause of Action; Plaintiff's Abuse-of-Process–Style Allegations Fail Under The Court's Prior Ruling</u>

Plaintiff pleads a "claim" under "F.R.Civ.P. 11" and requests the Court "initiate an investigation" and "stay all proceedings initiated by G.S. Holistics." Plaintiff specifically alleges GS filed "many of thousand of civil actions across the U.S." not to litigate but to coerce settlements and asks the Court to punish "abuse of process" under Rule 11 and to stay proceedings. Rule 11 provides a procedural mechanism for sanctions within the action in which the alleged misconduct occurred; it does not create a private right of action or an independent claim for damages in a separate lawsuit. Plaintiff's effort to style a freestanding "Rule 11" claim therefore fails as a matter of law. Further, the Court has already rejected substantively identical allegations that GS's filing of civil trademark lawsuits and settlement efforts constitute tortious "abuse" or extortionate conduct. The Court held that allegations that GS filed numerous cases and made settlement demands, including licensing components, do not state a claim for abuse of process, and that such conduct is neither nefarious nor tortious. Dismissal is required.

**B.** <u>Plaintiff's Extortion/Calumny/Ridicule Theory Was Rejected by This Court and Cannot Support a Claim</u>

Plaintiff asserts GS engages in an "extortive scheme" by filing lawsuits and offering settlements that purportedly leverage fear among immigrant owners. Plaintiff alleges GS targets

stores whose owners are "disproportionately comprised of Middle Eastern and Muslim extract," claims GS knows products were purchased from legitimate distributors, and characterizes GS's actions as "extortive" aimed at coercing settlements. This Court has already ruled that relying on the existence of GS's complaint allegations and settlement communications cannot support extortion or similar liability, emphasizing that statements in pleadings are privileged and settlement efforts are nonactionable. The Court concluded defendants failed to allege extortion because they identified no qualifying threats, false or defamatory statements, or exposure to hatred, contempt, or ridicule, and reiterated that statements in pleadings are absolutely privileged and cannot support such claims. Plaintiff's repackaging of the same narrative warrants dismissal.

**C.** Plaintiff Fails to State a Claim Under 42 U.S.C. § 1981

Plaintiff invokes § 1981 based on generalized assertions that GS "targets" foreign-born and Muslim owners, but alleges no facts showing intentional discrimination in the making or enforcement of any contract with Plaintiff, or impairment of a contractual relationship. The Amended Complaint asserts GS targets individuals of foreign extract and Muslim owners, but it does not identify any contract involving Plaintiff that GS refused to make or impaired, nor any specific transaction involving Plaintiff in which GS acted. The absence of factual allegations connecting GS's conduct to Plaintiff's ability to make or enforce a contract is dispositive. Conclusory allegations of "targeting" are insufficient under the plausibility standard. The Court has emphasized that conclusory allegations and labels do not satisfy Rule 8 and Twombly/Iqbal standards. The § 1981 claim should be dismissed.

**D.** Plaintiff's Requests for Investigation and Stay Are Procedurally Improper And Unsupported

Plaintiff asks the Court to "initiate an investigation" and "stay all proceedings initiated by G.S. Holistics" nationwide. The Amended Complaint requests the Court initiate an investigation into Plaintiff's allegations and stay all proceedings initiated by GS Holistic until this matter is litigated and investigated . The pleading identifies no legal basis for a court-initiated investigation or a global stay of other cases, and the Court has already held that GS's filing of trademark suits and settlement efforts are not improper. The Court held GS's lawsuit filings and settlement conduct are not nefarious or tortious and dismissed counterclaims predicated on those acts with prejudice. These requests should be denied and the claims dismissed.

**E.** Dismissal With Prejudice Is Appropriate

The Court has already determined that materially identical theories cannot be cured by amendment. The Court dismissed with prejudice the amended counterclaims predicated on GS's filing and settlement of trademark suits, finding those statements and actions definitionally not actionable and that further amendment would be futile. Plaintiff's Amended Complaint rests on the same premises—GS's filing of suits and settlement efforts—and adds no facts that could transform those lawful acts into actionable conduct. Dismissal with prejudice is warranted.

## IV. Conclusion

For the foregoing reasons, GS respectfully requests that the Court dismiss the Amended Complaint with prejudice and award such further relief as the Court deems proper.

Respectfully submitted,

/s/ John Ridge, Esq.
John Ridge, Esq.
OH Bar No. 0086046
Ridge Law, LLC
3136 Kingsdale Center #119
Upper Arlington, Ohio 43221
jridge@ridge-law.com
Serv609@LegalBrains.com
Telephone: 614-561-7541
*Attorney for the Defendant GS Hol*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this January 7, 2026, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF and it was sent electronically to all NEF registered parties.

/s/ John Ridge, Esq.
John Ridge, Esq.
OH Bar No. 0086046
Ridge Law, LLC
3136 Kingsdale Center #119
Upper Arlington, Ohio 43221
jridge@ridge-law.com
Serv609@LegalBrains.com
Telephone: 561-232-2222
*Attorney for the Defendant*