THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MAHMOUD ALILI, | : | |
| Plaintiff, | : | Case No. 1:25-cv-837 |
| v. | : | Judge Walter H. Rice |
| GS HOLISTIC, LLC, | : | |
| Defendant. | | |

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OF DEFENDANT GS HOLISTIC, LLC (DOC. #15); *PRO SE* PLAINTIFF MAHMOUD ALILI'S AMENDED COMPLAINT (DOC. #7) IS DISMISSED WITH PREJUDICE; JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

This case is before the Court on the Motion to Dismiss for Failure to State a Claim (Doc. #15) of Defendant GS Holistic, LLC, in which Defendant moves that the Plaintiff Mahmoud Alili's Amended Complaint (Doc. #7) be dismissed with prejudice. (Doc. #15, PAGEID 36). For the reasons set forth below, the Motion is SUSTAINED.

## I.    Factual Background and Procedural History

As GS Holistic's Motion arises under Rule 12(b)(6), the Court treats all well-pleaded factual allegations as true, and, because Alili is *pro se*, the Court liberally construes the Amended Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). On October 4, 2023, GS Holistic filed a

Complaint in this Court against Alili, accusing the latter of trademark infringement. (No. 1:23-cv-641, Doc. #1).  Alili filed an Answer on January 5, 2024, which read in its entirety: "Comes now [Alili] Pro Se in the above captioned matter and denies all specifications and allegations as set forth in [GS Holistic's] complaint [.]"  (No. 1:23-cv-641, Doc. #8, PAGEID 33).  However, Alili did not meaningfully participate in the trademark infringement case until filing several motions on October 30, 2025.  (No. 1:23-cv-641, Docs. #30-32).  That case remains pending and viable before the undersigned.

In the captioned case, on November 17, 2025, Alili filed a Complaint (Doc. #1) and, on December 3, 2025, the operative Amended Complaint.  (Doc. #7). Therein, he "alleges that G.S. Holistics [*sic*] has not filed the many of thousand[s] of civil actions across the U.S. to litigate these actions but rather their ulterior motive is to coerce settlements with the understanding of the fear the class of people they have targeted." (*Id.* at PAGEID 16).[1]  Alili attempts to bring claims against GS Holistic under Federal Rule of Civil Procedure 11 and 42 U.S.C. § 1981. (*Id.* at PAGEID 16-17).  On January 2, 2026, GS Holistic filed the instant Motion, asserting that Alili's claims were a repackaging of the abuse of process, fraud, and extortion claims made by defendant smoke shop owners in other trademark

---

[1] The Court notes that the gravamen of Alili's allegations appears to "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]"  FED.R.CIV.P. 13(a)(1)(A) Thus, the claims in the Amended Complaint are compulsory counterclaims that Alili was required to raise in his January 5, 2024, Answer. (Doc. #8).  However, mindful of Alili's *pro se* status and that the claims fail as matters of law regardless, the Court declines to dismiss for failure to state his counterclaims.

2

infringement cases brought by GS Holistic—claims which this Court had held were not actionable. (Doc. #15, PAGEID 34-35). Moreover, GS Holistic argues that Rule 11 is not a standalone cause of action (*id.* at PAGEID 34), and that Plaintiff's 42 U.S.C. § 1981 claim fails as a matter of law because the "absence of factual allegations connecting GS's conduct to [depriving] Plaintiff's ability to make or enforce a contract is dispositive." (*Id.* at PAGEID 35). Finally, GS Holistic claims that, because GS Holistic's litigation conduct cannot form the basis of plausible claims by Alili, the Amended Complaint should be dismissed with prejudice. (*Id.* at PAGEID 36). Alili did not file a memorandum *contra*, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2).

The matter is ripe for decision.

## II. Legal Standards

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 12(c), like Rule 12(b)(6), allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." FED.R.CIV.P. 12(c). The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The

3

purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(c) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id*. at 679.

As discussed above, "*pro se* litigants are held to a lesser pleading standard than other parties[,]" *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402, (2008).and *pro se* pleadings are liberally construed. *Gamble*, 429 U.S. at 106. Nonetheless, to survive a Rule 12(b)(6) motion, *pro se* plaintiffs still must meet the plausibility standard of *Twombly* and *Iqbal*. "A [*pro se*] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

4

face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), quoting *Iqbal*, 556 U.S. at 678; citing 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    Analysis

As GS Holistic correctly notes (Doc. #15, PAGEID 34), a purported violation of Rule 11 may not be the basis for an independent claim. *Collins v. Allen*, No. 1:04-cv-572, 2005 WL 1073369, *5 (S.D. Ohio Mar. 16, 2005) (collecting cases) (Black, Mag. J), *report and recommendations adopted at* 2005 WL 1077591 (S.D. Ohio Apr. 21, 2005) (Beckwith, C.J)).  Consequently, the Rule 11 claim must be dismissed with prejudice.

A claim under 42 U.S.C. § 1981 "must initially identify an impaired 'contractual relationship' under which the plaintiff has rights.  Such a contractual relationship need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006), quoting 42 U.S.C. § 1981(b).  Alili's Amended Complaint alleges that GS Holistic targeted him, a Muslim and man of Middle Eastern ethnicity, with the trademark infringement lawsuit and allegedly extortionate settlement demand because GS Holistic believed that people of his ethnicity and religion "[h]ave a distrust of both law enforcement and legal Process and are therefore more likely to settle with [GS Holistic] than to litigate." (Doc. #7, PAGEID 16).  Alili does not identify any contract or contractual relationship that GS Holistic has attempted to impair; in fact, by making a settlement demand, GS Holistic appears to be attempting to *form* a contractual relationship, no matter

5

how one-sided Alili perceives such a relationship to be.  Absent an attempted impairment of a contractual relationship, Alili cannot sustain a 42 U.S.C. § 1981 claim, and it must be dismissed.

GS Holistic argues that the Amended Complaint should be dismissed with prejudice, as a further amended complaint could not survive a renewed motion to dismiss.  (Doc. #15, PAGEID 36; *see also Doe v. Michigan State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (leave to amend need not be granted "if it would be futile, *i.e.*, if the amended complaint would not withstand a motion to dismiss for failure to state a claim.").  Alili alleges that GS Holistic has targeted him with a lawsuit, as a Muslim man of Middle Eastern ethnicity, in an attempt to prey upon Alili's fear of the legal system to extract an unfair settlement rather than risk a trial on the merits.  (Doc. #7, PAGEID 16).  As GS Holistic again correctly observes (Doc. #15, PAGEID 34-35), this Court, in parallel litigation, dismissed counterclaims for fraud, abuse of process, and extortion raised by a smoke shop and its owner against GS Holistic, because the sole bases for the claims were GS Holistic exercising its right to bring suit to enforce its trademarks and then attempting to obtain a favorable settlement.  (Order, No. 1:23-cv-748, Doc. #18, PAGEID 110-11, 114-16).  In sum, based on the gravamen of Alili's Amended Complaint, there is no way he could set forth plausible claims for relief under any theory.  Accordingly, further leave to amend would be inappropriate, and dismissal with prejudice is proper.

6

## IV.    Conclusion

For the foregoing reasons, GS Holistic's Motion (Doc. #15) is SUSTAINED.

Alili's Amended Complaint (Doc. #7) is DISMISSED WITH PREJUDICE.  Judgment

shall enter in favor of GS Holistic and against Alili.

The captioned case is hereby ordered terminated upon the docket records

of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.

IT IS SO ORDERED.

June 1, 2026

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT